IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REZA KAZIMI,

      Plaintiff,

v.                                                                                  1:24-cv-00689-JCH-JMR

DIVERSIFIED PROTECTION CORPORATION,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Diversified Protection Corporation's ("DPC") Motion to Dismiss with Prejudice Per Rule 41(b) or, Alternatively, to Compel Discovery & for Rule 37 Sanctions. Doc. 31. Plaintiff Reza Kazimi filed a response, Doc. 42, and DPC filed a reply, Doc. 46. Because DPC's motion, in part, asked for dispositive relief, Senior District Judge Judith C. Herrera referred DPC's motion to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this motion. Doc. 48. Having reviewed the parties' submissions, the relevant law, and argument of the parties, I recommend that the Court DENY IN PART DPC's Motion to Dismiss insofar as it requests this matter be dismissed. The Court defers ruling on DPC's requests to compel discovery and for Rule 37 sanctions.

I.  **Background**

On June 5, 2024, Plaintiff Kazimi filed a complaint in New Mexico state court alleging he had been wrongfully terminated from his employment as a protective service officer. Doc. 1-2 at 2–8 The complaint includes claims of discrimination based on race, color, age, and national origin; retaliation; wrongful discharge; and prima facie tort. *Id*. Mr. Kazimi sought compensatory and punitive damages, as well as interest and attorney's fees. *Id*. at 7. On July 8, 2024, Defendant DPC removed the matter to federal district court. Doc. 1.

The parties thereafter engaged in written discovery and took Mr. Kazimi's deposition. Docs. 17–19, 21–24, 27–29, 31-1. DPC's request for dismissal focuses on Mr. Kazimi's failure to provide requested documentation related to his damages, as well as alleged misrepresentations in his responses to written discovery and in his deposition testimony. *See* Doc. 31.

A hearing was held on August 25, 2025, wherein DPC maintained its request for dismissal and focused again on Mr. Kazimi's alleged fabrications about prior employment and failures to provide tax documentation. 8/25/2025 Hrg. at 5:30–39:40. Despite multiple warnings from defense counsel in his deposition about the requirement of his oath to tell the truth, DPC argued Mr. Kazimi was untruthful about his employment at the deposition, as well as in a later "clarifying" affidavit. *Id*. at 10:00–17:00, 32:00–37:00, Exhibit 2 to hearing. DPC took further issue with Mr. Kazimi's reasons for why his discovery responses, both written and oral, were incomplete and/or wrong. *Id*. at 5:30–39:40. DPC argued that Mr. Kazimi's claims of post-traumatic stress syndrome ("PTSD") and an inability to remember cannot be proven without expert testimony. *Id*. at 25:00–-27:30. Thus, with discovery over and expert disclosure deadlines passed, DPC concluded there is now no real way for it to defend itself. 27:30–29:00.

2

Specifically, DPC explained that—between the lack of tax information and Mr. Kazimi's untruthful statements—it is unable to accurately assess Mr. Kazimi's claimed damages. *Id*. at 29:00–32:00, 37:00–40:00. DPC reiterated that Mr. Kazimi's untruthful statements, in particular, leave it unable to defend itself. *Id*. at 37:00 – 40:00.

In response to DPC's claims, Mr. Kazimi's counsel focused primarily on the assertion that his actions and behavior were not intentional or deliberate. *Id*. at 50:00 – 1:11:00. Mr. Kazimi is not originally from the United States, has held multiple jobs, *id*. at 51:00 – 55:00, and according to his counsel, he has always spoken in very general terms about his various jobs, his supervisors, and his dates of employment. *Id*. Mr. Kazimi's first language is not English, though he has been in the United States for approximately twenty years. *Id*. at 55:00 – 56:00. Mr. Kazimi's counsel attributed some of the discrepancies related to Mr. Kazimi's employment to his alleged sleep deprivation at the time. *Id*. at 56:00 – 57:00.

Mr. Kazimi's counsel admitted that medical documents have not been provided because a protective order is necessary, and defense counsel was allegedly unresponsive. *Id*. at 57:00 – 58:00. Plaintiff's counsel further admitted, however, that she has never sought a protective order from the Court despite discovery ending on May 6, 2025. *Id*. at 1:10:00 – 1:11:00, Doc. 12. Mr. Kazimi continues to claim to be unable to find relevant tax documents that he has apparently given to his accountant, but somehow, he further claims he cannot now obtain the documents from the same accountant. 8/25/2025 Hrg. at 57:00 – 60:00. The documents may be located in a storage unit, though Plaintiff's counsel noted that it will take significant time for Mr. Kazimi to search for them. *Id*. Plaintiff's counsel further admitted that Mr. Kazimi is no longer seeking damages for an alleged loss of approval of a mortgage. *Id*. at 1:06:00 to 1:06:30.

## II. Analysis

### A. The Law Related to Dismissal as a Discovery Sanction

A court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted). Whether or not to dismiss an action for failure to prosecute is within the court's "sound discretion." *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979). This Court considers the following factors in deciding whether or not to dismiss:

> 1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151–52 (10th Cir. 2007). "Dismissal is warranted 'when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

### B. Defendant's Motion is Not Premature.

As an initial matter, the Court rejects Plaintiff's assertion that this motion is premature. Plaintiff claims that the motion is premature because Defendant failed to request an informal discovery conference with the Court. Doc. 42 at 2–3. However, the Court does not require parties to engage in an informal discovery conference. *See* Doc. 12 at 3. Indeed, both parties must agree

4

to invoke the Court's informal process for resolving discovery disputes. *See* Doc. 11 at 2. Without question, Defendant attempted on multiple occasions to resolve these disputes with Plaintiff through email and by phone. *See* Doc. 31 at 7–13. Thus, the motion is not premature.

### C. Dismissal is Not Warranted

Considering the factors governing dismissal under Rule 41, dismissal is not warranted.

#### 1. Degree of Actual Prejudice to Defendant

The Court finds this factor to weigh moderately in favor of dismissal. Defendant DPC has suffered prejudice from Plaintiff Kazimi's actions in this case. Plaintiff has failed to timely provide complete and truthful discovery responses, and these failures have impeded Defendant's abilities to investigate and defend in this case. For example, the lack of timely and truthful answers impeded DPC's ability to properly depose Mr. Kazimi. Similarly, Plaintiff's lack of damages calculations and inaccurate information about his post-discharge employment and earnings has further impeded Defendant's ability to understand Plaintiff's claims and effectively defend itself. Nonetheless, the Court does not agree with Defendant that the "prejudice cannot be remedied." Doc. 31 at 15. Indeed, the Court finds that most of the prejudice to Defendant DPC can be remedied by reopening discovery and by awarding Defendant the costs and fees for the additional discovery that will be required for Defendant to properly defend itself.

#### 2. Interference with the Judicial Process

The Court finds this factor to be neutral. This matter was originally filed in New Mexico state court on June 5, 2024, Doc. 1-2 at 2–8, and removed to this Court on July 8, 2024, Doc. 1. While approximately sixteen months old, the case is not significantly stalled. While the discovery delays and the issues raised in the instant motion have resulted in the Court vacating some of the scheduling order deadlines, these deadlines would likely have needed to be extended

even if Defendant had raised the discovery disputes with the Court sooner. In addition, trial in this case remains set in March 2026. And while these discovery delays may impact that setting, it should not be significant. The required information can surely be provided in the next few months and if for some reason it is not, Defendant DPC will have recourse in the form of additional dispositive motion practice.

### 3. Culpability of the Litigant

This factor weighs in favor of dismissal. Mr. Kazimi should have been more diligent, thorough, and timely in his search for and production of documents. He should also have been more careful in answering interrogatories and deposition questions. Given the facts, there is a reasonable argument to be made that Mr. Kazimi lied about his employment history during the course of discovery and during his deposition under oath. The Court, however, has also considered Mr. Kazimi's affidavit and his counsel's argument explaining the reasons for some of the discrepancies between his discovery answers and deposition testimony. *See* Doc. 42-2 at 1–5. Plaintiff's counsel emphasized repeatedly at the hearing the Mr. Kazimi's answers, while careless and forgetful, were not intentional or deliberate. Although Defendant refutes it, the Court has also considered Mr. Kazimi's assertion that he has PTSD which affects his memory. Doc. 42 at 5. Having considered the arguments of both sides, the Court finds this factor does weigh in favor of dismissal, but not overly so.

### 4. Advance Warning

This factor weighs heavily against dismissal. There has been no advance warning in this case that failure to provide discovery in this case might result in dismissal. Defendant's motion is the first time any discovery issues have been brought before the Court. While the Court appreciates Defendant's numerous attempts to resolve outstanding discovery issues, because the

Court has a "strong predisposition to resolve cases on their merits," *Ecclesiastes*, 497 F.3d at 1144, and there have been no prior warnings of dismissal, this factor weighs in favor of first attempting to help the parties resolve these disputes, short of such a drastic sanction.

### 5. Efficacy of Lesser Sanctions

This factor also weighs heavily against dismissal. Allowing for sanctions that are significant, but short of dismissal will allow this case to be resolved on the merits. The Court will hold a second hearing on this matter and will award monetary sanctions. The Court finds that these lesser sanctions—allowing additional time to conduct discovery, including a second deposition of Plaintiff Kazimi should Defendant request it, as well as an award of costs and fees are adequate remedies.

Reviewing all five factors – one weighs moderately in favor of dismissal, one is neutral, one weighs in favor of dismissal, and two weigh heavily against dismissal. Although a somewhat close call, having considered all of the applicable factors related to the sanction of dismissal pursuant to Rule 41, the Court finds that dismissal is not appropriate in this case and that lesser sanctions to be determined after a second hearing are appropriate.

## III.   Recommendation

I recommend that the Court find that dismissal pursuant to Rule 41(b) is not warranted in this case for the reasons stated herein. I therefore further recommend that the Court DENY IN PART Defendant Diversified Protection Corporation's Motion to Dismiss (Doc. 31) insofar as it requests this matter be dismissed.  The remaining issues in the motion (Doc. 31) will be addressed at a second hearing.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge