IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REZA KAZIMI,

       Plaintiff,

v.                                          1:24-cv-00689-JCH-JMR

DIVERSIFIED PROTECTION CORPORATION,

       Defendant.

## ORDER SETTING AMOUNT OF ATTORNEY'S FEES

THIS MATTER comes before the Court on Defendant's Notice of Submission of Attorneys' Fees/Costs (Doc. 69), filed December 5, 2025. Defendant's notice follows the Court's November 24, 2025, order granting in part and denying in part Defendant's Motion to Dismiss with Prejudice Per Rule 41(b) or, Alternatively, to Compel Discovery and for Rule 37 Sanctions, Doc. 31, and awarding Defendant its attorney's fees associated with that motion. Doc. 64. Plaintiff filed objections to the reasonableness of Defendant's claimed fees on December 19, 2025. Doc. 73.

In its application, Defendant seeks $17,500.40 in attorney's fees—$11,702.40.00 for work completed by Teresa S. Valderrama, a partner attorney at Fisher & Phillips, LLP, and $5,798.00 for work completed by Elizabeth Ann Hanson, an associate attorney at the same firm. Doc. 69-1 at 1–3 ¶¶ 2, 6, 13–15. Ms. Valderrama requests to be compensated for 33.92 hours of work at $345/hour. Doc. 69-1 at 3 ¶ 13. Ms. Hanson requests to be compensated $17.84 hours of work at $325/hour. *Id.* at ¶ 14. After reviewing the parties' arguments and the applicable law, the Court awards Defendant $8,163.63.

## I.    Background

Defendant filed its Opposed Motion to Dismiss Pursuant to Rule 41(b) or, Alternatively, for Rule 37 Sanctions and Show Cause Hearing on May 27, 2025. Doc. 31. The motion was fully briefed. Docs. 42, 46. The Court held a hearing on the motion on August 25, 2025. Doc. 54. At the hearing, the Court considered arguments relating to Defendant's request to dismiss the case. *Id.* On October 6, 2025, the assigned magistrate judge entered her Proposed Findings and a Recommended Disposition ("PFRD") recommending that the district court judge deny Defendant's motion to the extent that it requested dismissal pursuant to Rule 41(b). Doc. 55. The district court judge adopted the PFRD on October 27, 2025, denying Defendant's request for dismissal. Doc. 56.

Thereafter, this Court held a second hearing on November 21, 2025, to address the latter part of Defendant's motion that requested compelling certain discovery from Plaintiff. Docs. 63, 64. The Court granted the majority of Defendant's discovery requests and awarded Defendant the costs and fees associated with having to bring its motion to compel discovery responses.[1] Doc. 64 at 2 (citing FED. R. CIV. P. 37(a)(5)).

Defendant filed its notice of submission related to its attorneys' fees and costs on December 25, 2025. Doc. 69. The notice included two exhibits: a sworn affidavit from attorney Teresa S. Valderrama and an itemized accounting of the time and work by the attorneys that they argue was required to file and argue Defendant's motion. In her affidavit, Ms. Valderrama explains that she is a partner at Fisher & Phillips, LLP in Houston, Texas. Doc. 69-1 at 1 ¶ 2. She

---

[1] The Court also ordered that Defendant DPC could re-depose Plaintiff and that Plaintiff would be required to pay the costs of the additional deposition. Doc. 64 at 6. However, the parties agreed to delay setting the Plaintiff's second deposition until after the district court judge decides Defendant's Motion for Summary Judgment on liability. *Id.*; *see also* Doc. 70. Thus, any costs and fees associated with Plaintiff's re-deposition are not addressed here.

has been practicing law for over 37 years primarily in the area of civil litigation with an emphasis on "labor and employment matters." *Id*. at ¶ 3. She has taught employment law to law students and speaks regularly at accredited continuing legal education programs on the topic of employment law. *Id*. Ms. Valderrama is lead counsel for the Defendant. *Id*. at ¶ 4.

Ms. Valderrama asserts that an attorney with her "level of skill and expertise" was "reasonable and necessary" to defend against the Plaintiff's claims. *Id*. at 2 ¶ 5. It was also reasonable and necessary, she says, to bring on an associate attorney, Elizabeth Anne Hanson, to help defend the case. Doc. 69-1 at 2 ¶ 6. Although a relatively new attorney having been licensed to practice law since 2022, Ms. Hanson spent over 30 years in "human resources investigation and compliance" before becoming an attorney as a second career. *Id*.

Ms. Valderrama's billing rate is $345.00 per hour, and Ms. Hanson's rate is $325.00. *Id*. at ¶ 7. Notably, Ms. Valderrama explains that in accounting for their time she excluded "any work prepared by paralegals or by attorney time keepers" and only included work that she and Ms. Hanson billed. *Id*. at ¶ 8. Ms. Valderrama asserts that she billed 45.5 hours and that Ms. Hanson billed 25.4 hours. Doc. 69-2. However, she reduced by 60% any time that was spent on to "support the Rule 41 relief as well as the Rule 37 sanctions relief." Doc. 6-1 at 3 ¶ 9. Therefore, Ms. Valderrama only requests to be compensated for 33.92 hours of work and that Ms. Hanson be compensated for 17.84 hours of work. *Id*. at 3 ¶ 11. In addition to the descriptions in the itemized billing, Doc. 69-2, Ms. Valderrama explains that she only has included fees for the following work:

 a.  the legal research, drafting, revising, review and selection of exhibits for the Rule 37 aspects of DPC's motion (Doc. 31);

 b.  the analysis of Plaintiff's response to the Motion (Doc. 42), including tracking down and documenting the evidence repudiating Plaintiff's broad and unsubstantiated Response arguments, including, but not limited to,

Plaintiff's: (i) substantial compliance with all discovery obligations, (ii) merely de minimis violation of any discovery obligations; (iii) PTSD as medically excusing Plaintiff's noncompliance with discovery obligations, (iv) Plaintiff's new, contradictory sworn declaration submitted with Plaintiff's Response (Doc. 42-2); and (iv) DPC's alleged failure to communicate to Plaintiff the discovery violations prior to seeking Rule 37 sanctions as alternate relief as a bar to the relief sought;

c. the legal research, drafting, revising, review and selection of exhibits for the Rule 37 aspects of DPC's reply to Plaintiff's response to DPC's motion seeking alternative Rule 37 relief (Doc. 46);

d. other preparation for and participation in hearings on DPC's Rule 37 alternate motion for sanctions, for which the Court has granted the award of attorneys' fees;

e. communications with opposing counsel and the Court after the Motion was filed concerning the Rule 37 relief sought; and

f. the research, drafting, revision and collection of exhibits in support of the Motion for fees supported by this Declaration, per the Court's order (Doc. 64).

Doc. 69-1 at 2–3 ¶ 8.

In total, Defendant seeks $17,500.40 in fees, $11,702.40 for Ms. Valderrama's work and $5,798.00 for Ms. Hanson's work. *Id*. at ¶¶ 13–15.

In his response to Defendant's Notice, Plaintiff does not dispute the reasonableness of the hourly rates of Ms. Valderrama or Ms. Hanson. Doc. 73 at 1. Instead, Plaintiff objects to the reasonableness of the number of expended hours. Doc. 73 at 2–3. Specifically, Plaintiff asserts that the claimed hours relate to the relief that Defendant originally sought rather than the relief that the Court ultimately granted are unreasonable. Plaintiff also argues that, because this Court offers an informal discovery dispute resolution mechanism and that Defendant "did not avail itself of that mechanism," that the hours alleged are unreasonable. *Id*. at 3. Plaintiff states that in "counsel's experience, roughly half [of the requested] amount is more appropriate." *Id*.

4

**II.      Law Related to Reasonable Expenses and Fees**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery responses is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

In arriving at a particular award, the court must independently analyze the reasonableness of requested attorney's fees. *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction); *see also Miller v. Paschall Trucklines, LLC*, 20cv303 GBW-SCY, 2021 WL 919868, at *1 (D.N.M. March 10, 2021) (applying the "reasonableness" standard in the context of Rule 37(a)(5)(A)). To determine whether requested fees are reasonable in this context, the court relies on the lodestar method, multiplying the hours counsel reasonably spent working on the motion to compel by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). The burden is on the applicant, in this case the Defendant, to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). The party requesting the fees must also provide evidence that supports the hours worked and the rates claimed. *Hensley v. Echerhart*, 461 U.S. 424, 432 (1983). The applicant for fees should keep "meticulous, contemporaneous, time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson Co, Kansas*, 157 F.3d 1243, 1250 (10th Cir. 1998).

### III.   Analysis

Defendant has provided support for both the hourly rate and the hours spent preparing for its Motion to Dismiss with Prejudice Per Rule 41(b) or, Alternatively, to Compel Discovery and for Rule 37 Sanctions. Based on this Court's independent review, $8,163.63 is a reasonable fee award. *See King*, 899 F.3d 1155.

> **A. Ms. Valderrama's hourly rates are reasonable, though Ms. Hanson's hourly rates will be reduced.**

Ms. Valderrama's requested hourly rate of $345 per hour is reasonable. The Court finds that $200 per hour is a more reasonable rate for Ms. Hanson.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation and citation omitted). It is the burden of "the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Blum v. Stenson*, 465 U.S. 886 895 n.11 (1984)). "[I]f the district court does not have before it adequate evidence of prevailing market rates," the court may "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

Defendant does not set forth examples of prevailing market rates in New Mexico for comparison. As such, the Court will use its own knowledge and prevailing market rates found by other members of this Court to determine the reasonableness of the rates sought here. *See Case*, 157 F.3d at 1257. Notably, Plaintiff does not dispute Defendant's requested rates. Doc. 73 at 1.

Attorney Valderrama, a practicing attorney for nearly 40 years, billed her time at the hourly rate of $345.00. Doc. 69-1 at 2 ¶ 7. Judges in this district have approved similar billing

rates, and higher, for attorneys with Ms. Valderrama's level of experience. *See Jones v. Sre Wellness*, No. 25-cv-25 SMD/JFR, 2026 WL 1639380, at *2 (D.N.M. June 5, 2026) (finding that $350 per hour was reasonable for an attorney who has practiced complex commercial litigation for over twenty-five years in New Mexico); *M.G. v. Armijo*, No. 25-cv-325 SMD/DLM, 2025 WL 2495037, at *5–6 (D.N.M. Aug. 29, 2025) (finding that $425 per hour was reasonable for a civil rights practitioner with twenty years of experience and $325 per hour was reasonable for two attorneys each with over twenty years of experience in disability discrimination litigation); *Griego v. United States*, No. 16-cv-475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (finding that $350 per hour was a reasonable rate for an attorney with "roughly 17 years of experience"); *XTO Energy, Inc. v. ATD, LLC*, No. 14-cv-1021 JB/SCY, 2016 WL 5376322, at *14 (D.N.M. Aug. 22, 2016) (finding that $350 per hour was a reasonable rate for a "very experienced partner" in a complex insurance action). As such, the Court finds that Ms. Valderrama's requested hourly rate is reasonable.

Ms. Hanson billed her time at $325.00 per hour. Doc. 69-1 at 2 ¶ 7. Ms. Hanson was licensed to practice law in 2022, meaning she had over three years of experience as an attorney at the time the Defendant's affidavit was filed. *Id.* at ¶ 6. That said, she has over 30 years of experience in human resources investigations and compliance, which is highly relevant experience for this employment-based discrimination and retaliation action. $200 per hour is more consistent with the market rate for similar attorneys in New Mexico. *See Martin v. City of Albuquerque*, No. CIV 18-0031 RB/JFR, 2020 WL 1139054, at *7 (D.N.M. Mar. 9, 2020) (awarding $225 per hour for associate with four years of experience and $175 per hour for associate with two years of experience); *Henderson v. BJ's Restaurant*, No. 19-cv-1002 KG/LF, 2020 WL 3064801, at *2 (D.N.M. June 9, 2020) (awarding $260.00 per hour for an eleven-year

attorney and $185.00 per hour for a four-year attorney); *Gallup Med Flight, LLC v. Phoenix Ins. Co.*, No. CV 16-01197 KG/KBM, 2018 WL 344956, at *3 (D.N.M. Jan. 9, 2018) (awarding "$175 per hour for an attorney with over five years of experience"); *XTO Energy, Inc.*, 2016 WL 5376322, at *14 (find that $200.00 per hour is reasonable "for a very good associate"). As such, the Court finds that $200 per hour is a more reasonable rate for Ms. Hanson's work.

### B. Defendant's hours expended are not reasonable and will be reduced.

Having determined the reasonable hourly rates, this Court must also assess the reasonable number of hours spent working on and drafting Defendant's motion. The Court agrees with Plaintiff that a reduction of the claimed time is necessary.

Multiple factors can be considered in assessing whether an attorney's fees are "reasonable." *See In re Mkt. Ctr. E. Retail Prop.*, 730 F.3d 1239, 1246–47 (10th Cir. 2013) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Courts are encouraged to scrutinize hours billed "much as a senior partner in a private firm would review reports of subordinate attorneys when billing clients." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). Additionally, "[h]aving multiple attorneys write and revise on a motion is not inherently duplicative." *City of Las Cruces v. Lofts at Alameda*, LLC, No. 17cv809 JCH-GBW, 2022 WL 2753994, at *7 (D.N.M. July 14, 2022) (citing *Fox v. Pittsburgh State Univ.*, 258 F. Supp. 3d 1243, 1257 (D. Kan. 2017) ("As most attorneys know, the drafting process and editing process for legal writing are different.")). Finally, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1203 (10th Cir. 1986) (citing *Hensley*, 461 U.S. at 436–37).

Plaintiff argues that the Defendant's claimed time is excessive. Doc. 73 at 2. The Court

8

agrees with Plaintiff's assessment.

The original motion to dismiss or to compel and for sanctions was twenty-six pages in length. Doc. 31. It included a lengthy recitation of the background of the case, a chronology of procedural deadlines, and a dense, mostly single-spaced, factual timeline with the events that led to the filing of the motion. *Id*. at 2–15. The clear thrust of the motion was Defendant's request for dismissal of the case, with only a short portion near the end devoted to the alternative relief found in Rule 37. *Id*. at 22–24. There were also over 100 pages of exhibits. Docs. 31-1, 31-2. The exhibits primarily supported Defendant's dismissal argument. *Id*. The reply brief was sixteen pages and maintained focus on the requested dismissal of the case. Doc. 46. As previously noted, Defendant's request for dismissal was ultimately denied. Docs. 55, 56.

The majority of the billed time appears to relate to the request to dismiss the case. As lead attorney, Ms. Valderrama spent a total of 45.5 hours, or $15,697.50 in hourly fees, researching, drafting, preparing for, and arguing the subject motion. Doc. 69-2 at 2. Some of the time also included communicating and meeting with her client about the motion. *Id*. It is apparent both from the billing descriptions and the motion itself that the lion's share of the time spent was focused on the goal of dismissing the case entirely. Of course, after the August 25, 2025, hearing on the request to dismiss and the subsequent order denying the same, Ms. Valderrama's remaining billed time is focused on the request to compel discovery responses and for other sanctions. Doc. 69-2 at 2 (time entries after 8/28/2025). Similarly, in reviewing Ms. Hanson's hours, her first 25.4 hours worked through the August 25th hearing were also primarily focused on the request to dismiss. Doc. 69-2 at 3. Like Ms. Valderrama, however, Ms. Hanson's time entry descriptions after August 25th appear focused on the request to compel discovery responses. *Id*. at 3 (time entries after 8/28/2025).

9

Ms. Valderrama reduced by 60% any time that she believed was spent by her or Ms. Hanson on both the request to dismiss and the request to compel discovery response. Doc. 69-1 at 3 ¶ 9. But in reviewing Ms. Valderrama's time, it is apparent that most of her hours were focused on the written and oral argument for dismissal (well more than the 60% accounted for by her own time reductions on a handful of time entries). *See* Doc. 69-2 at 2.

Counsel claims that they spent a combined 51.76 hours on the request to compel discovery. Doc. 69-2. 51.76 hours is an extraordinary amount of time to spend on such a request. *Compare with Rivera-Cordero v. Mgmt. & Training Corp.*, No. CV 20-1106 KWR/GBW, 2022 WL 59401, at *2 (D.N.M. Jan. 6, 2022) (finding that 16.5 hours was a reasonable amount of time to spend on a motion to compel discovery); *Miller v. Paschall Truck Lines, LLC*, No. CV 20-303 GBW/SCY, 2021 WL 919868, at *2 (D.N.M. Mar. 10, 2021) (same for 8.5 hours); *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. CV 16-1056 WJ/JHR, 2018 WL 3210007, at *4 (D.N.M. June 28, 2018) (same for 14.8 hours); *Martinez v. Salazar*, No. CV 14-534 KG/WPL, 2015 WL 13638321, at *2 (D.N.M. June 23, 2015) (same for 18.2 hours); *Pistone v. New Mexico Pub. Def. Dep't*, No. 13-CV-0920 MV/SMV, 2015 WL 13666991, at *2 (D.N.M. Feb. 25, 2015) (same for 4.9 hours). While each motion to compel presents unique factual circumstances, the Court does not believe that 51.76 hours was reasonable here. The Court is dubious that the claimed time was truly directed at the request to compel discovery, which is the basis of the fee award, as opposed to the request for dismissal as a sanction.

To adjust the claimed hours to a more reasonable amount, the Court will reduce requested time by 75% for the time spent prior to the August 25, 2025, hearing. After the August 25, 2025, hearing, the Court will award 100% of the hours for any work completed. The adjusted hourly breakdown is as follows:

10

| | Pre – 8/25/25 hearing hours (reduced by 75%) | Post – 8/25/25 hearing hours (no reductions) | Total Adjusted Hours |
|---|---|---|---|
| Valderrama hours | 39.3 hours x .25 = 9.825 hours | 6.2 hours | 16.025 hours |
| Hanson hours | 16.3 hours x .25 = 4.075 hours | 9.1 hours | 13.175 hours |

Finally, Plaintiff argues that the claimed hours should be reduced because of "Defendant's failure to avail itself of" the Court's informal discovery dispute process. Doc. 73 at 1–2. However, the Court does not require any party to take part in its informal process and, so long as a party complies with the Federal Rules of Civil Procedure in filing a motion to compel, the Court will not consider a party's use or lack thereof of the informal process offered by this particular judge. Defendant here complied with all procedural requirements for filing its motion.

The Court finds the number of hours, including the 75% reduction of time prior to August 25, 2025, reasonable under the circumstances.

### C. The Final Award

Having determined the reasonable hourly rates for each of the attorneys who worked on this matter, as well as the reasonable number of hours worked, the Court awards Defendant's reasonable attorney's fees as follows:

| | Total Adjusted Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Valderrama fees | 16.025 | $345.00 | $5,528.63 |
| Hanson hours | 13.175 | $200.00 | $2,635.00 |
| | | Total | $8,163.63 |

Although significantly less than Defendant's original request, the amount has been reasonably

reduced and is consistent with other fee reductions by this Court. *See Lincoln v. State Farm*, No. 19-cv-0652 MV-LF, 2019 WL 11623918, at *2 (D.N.M. June 13, 2019) (reducing requested amount of $4,268.50 and awarding $3,330 in fees for prevailing on a motion to compel); *Environmental Dimensions, Inc.*, 2018 WL 3210007, at *5 (reducing requested amount of $12,144.50 and awarding $4,070 in fees for prevailing a motion to compel); *Miller*, 2021 WL 919868, at *3 (reducing requested amount of $4,725.00 and awarding $2,975.00 in fees for prevailing a motion to compel); *VanMeter v. Briggs*, No. 18-cv-0970 RB-JHR, 2020 WL 954771 (D.N.M. Feb. 27, 2020) (reducing requested amount of $21,148.89 and awarding $8,147.25 in fees for prevailing on a motion to compel and responding to a motion for protective order).

The Court awards Defendant reasonable attorneys' fees in the sum of **$8,163.63**. Plaintiff Reza Kazimi is ordered to tender this sum to Defendant Diversified Protection Corporation in full within forty-five (45) days of this order, absent a written motion showing good cause for an extension of time.

JENNIFER M. ROZZONI
United States Magistrate Judge

12